IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Melvin Christopher Carter, | C/A No. 8:20-cv-03269-SAL |
| Petitioner, | |
| v. | |
| Warden of Bennettsville Federal Correctional Institution, | **OPINION AND ORDER** |
| Respondent. | |

*Pro se* petitioner Melvin Christopher Carter ("Petitioner"), a federal inmate, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter is before the court for review of the Report and Recommendation of Magistrate Judge Jacquelyn D. Austin (the "Report"), ECF No. 13, recommending that Petitioner's § 2241 petition be dismissed.

## BACKGROUND

Petitioner was convicted and sentenced by the United States District Court for the Southern District of Georgia after pleading guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and possession of a cocaine base with the intent to distribute. Petitioner now argues that his § 922(g) conviction and sentence should be vacated under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Government was required to prove he had knowledge that he was in the relevant category of persons barred from possessing a firearm and failed to do so. Petitioner did not file a § 2255 motion challenging his § 922(g) conviction or sentence. The Magistrate Judge recommends that his § 2241 petition be dismissed because the court lacks jurisdiction to consider it, to which Petitioner objects. *See* [ECF Nos. 13, 17.]

## STANDARD OF REVIEW

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have

2

been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Magistrate Judge thoroughly addressed the issues raised by Petitioner and correctly concluded that his § 2241 petition should be dismissed for lack of jurisdiction. The Magistrate Judge explained that "defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255," unless they are able to satisfy the requirements of § 2255's savings clause. [ECF No. 13 at 5–6 (quoting *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).] The § 2255 savings clause provides:

> An application for writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his sentence.

28 U.S.C. § 2255(e).

Petitioner failed to file a § 2255 motion in this matter, and the time to do so has expired. The Magistrate Judge explained that Petitioner's filing of a § 2255 motion in a separate case (No. 1:17-cv-00130-DHB-BKE) where he was not convicted of a § 922(g) charge was insufficient to satisfy the requirement that he file a § 2255 motion in *this* criminal matter challenging his § 922(g)

conviction at case number 1:02-cr-00006-DHB-BKE-1. *See* [ECF No. 13 at 9.] Petitioner's failure to file a § 2255 motion challenging his conviction and sentence forecloses him from now being able to bring such a challenge under § 2241 because he cannot show that § 2255 was an "inadequate or ineffective remedy." *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion."). Petitioner's objection that § 2241 is the proper avenue for this action is therefore, overruled.

Furthermore, as the Report explained, even if Petitioner had previously challenged his § 922(g) conviction and sentence in the sentencing court, he cannot satisfy the requisite *In Re Jones* or *Wheeler* savings clause tests. When a petitioner contests his *conviction* under § 2241, he must demonstrate that § 2255 would be inadequate or ineffective to provide relief by establishing that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

And when a petitioner challenges his *sentence*, he must establish that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

4

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). If the Petitioner cannot satisfy each prong of the requisite savings clause test, the court lacks subject matter to consider his § 2241 petition.

As the Magistrate Judge correctly explained, Petitioner is unable to satisfy the second prong of the *Jones* or *Wheeler* tests. First, there has not been a subsequent change in substantive law that renders the conduct upon which the Petitioner was convicted no longer criminal, as required by the *Jones* test. Indeed, being a felon in possession of a weapon remains criminal conduct. Petitioner, however, argues that his § 922(g) conviction is no longer valid following *Rehaif* because the government could not prove that he knew he was a person prohibited from possessing a weapon. However, as the Report explained, Petitioner voluntarily entered a guilty plea to the charge of possession of a firearm by a convicted felon, and under the applicable Eleventh Circuit law, this plea was sufficient for the government to satisfy its burden of proof. *See* [ECF No. 13 at 2, 10–11 (citing *Pullins v. Dobbs*, No. 0:19-cv-3492-JFA, 2020 WL 4581743, at *3 (D.S.C. Aug. 10, 2020) (applying Eleventh Circuit law to find that a defendant's guilty plea satisfies the Government's burden and renders *Rehaif* irrelevant); *Hughes v. Mackelburg*, No. 8:19-cv-03390, 2020 WL 1429351, at *2 (D.S.C. Mar. 24, 2020) (same); *Allen v. Dobbs*, 1:20-cv-00321, 2020 WL 907513, at *4 (D.S.C. Jan. 31, 2020) (same), *report and recommendation adopted*, 2020 WL 901407 (D.S.C. Feb. 25, 2020), *aff'd*, 855 F. App'x 162 (4th Cir. 2021)]; *see also Shepard v. Dobbs*, No. 4:20-cv-2302, 2020 WL 6018923, at *2 (D.S.C. Oct. 12, 2020). Petitioner, therefore, is unable to satisfy the second prong of the *Jones* test. Second, the Report correctly found that *Rehaif* has not been held to apply retroactively on collateral review, as required by the second prong of the *Wheeler* test. *See In re Price*, 964 F. 3d 1045, 1048 (11th Cir. 2020) ("*Rehaif* did not

announce a new rule of constitutional law and, even if it did, it has not been made retroactive to cases on collateral review by the Supreme Court (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019))).

For the foregoing reasons, Petitioner has not satisfied the § 2255 savings clause requirements, and the court must dismiss his § 2241 petition for lack of jurisdiction.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report, ECF No. 13, and incorporates it by reference herein. Accordingly, Petitioner's § 2241 petition is **DISMISSED** without prejudice and without requiring Respondent to file an answer or return.

It is further ordered that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

/s/Sherri A. Lydon

February 4, 2022                    Sherri A. Lydon
Florence, South Carolina           United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."